UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, A.F.L.- C.I.O,

            Petitioner,

v.

SPEEDO CORP. a/k/a SPEEDO
CORPORATION,

            Respondent.

20-CV-10162 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Petitioner seeks confirmation of an arbitration award entered against Respondent Speedo Corporation. Respondent has not opposed the petition. For the reasons set forth below, the petition is granted.

## BACKGROUND

    Petitioner in this action is District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O., a labor organization representing employees in an industry affecting commerce within the meaning of Section 501 of the Labor Management Relations Act, 29 U.S.C. § 142, Section 3(4) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(4), and Section 12 of the General Associations Law of the State of New York. *See* Dkt. 13 ("Pet. 56.1") at ¶ 1. Respondent is a corporation duly organized and existing under the laws of New York and a party to a collective bargaining agreement (the "CBA") with the Union. *Id*. ¶¶ 2–3.

    In 2020, a dispute arose between Petitioner and Respondent, after representatives for Petitioner observed two Union members performing unregistered overtime work and observed a non-Union member performing work covered by the CBA. *See* Dkt. 12 ("Drew Decl.") at ¶ 6; *see also* Dkt. 4 Ex.

1 at 3. Petitioner alleged that this conduct violated various provisions of the CBA. *See* Drew Decl. ¶ 6. The Union filed a demand for arbitration with the Joint Trade Committee ("JCT"), which is authorized under the CBA to issue decisions that will be "final and binding" upon the CBA's signatories. *See* Dkt. 4 Ex. 2 at 23–24 (CBA Art. XIII, Sec. 1–4).

On August 12, 2020, the JTC held a hearing and ruled that Respondent had violated the following provisions of the CBA: Article XIII, Section 11, Violation 3; Article IV Section 2(b); Article XIII Section 11 Violation 6; and Article II Section 3. *See* Dkt. 4 Ex. 1 (Decision of the Joint Trade Committee) at 3. It directed Respondent to pay Petitioner (1) "a $10,000 fine . . . for failure to register a job for overtime work" and (2) "$2,000 in liquidated damages for hiring of non-Union labor." *Id*. Petitioner then served notice of the award and a subsequent demand letter for the award on Respondent. See *id*. Ex. 4 (Decision and Award Letter); *id*. Ex. 5 (Award Demand Letter). To date Respondent has not complied with the award.

On December 3, 2020, Petitioner filed this petition, seeking an order confirming the award and granting judgment in the amount of $12,000. Dkt. 1. Respondent did not file an opposition or otherwise respond to the petition.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and internal quotation marks omitted). Confirming an arbitration award is generally no more than a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Id*. at 110 (internal quotation marks omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected."). Because "arbitration panel determinations are generally accorded great deference under the FAA," a district court's discretion when reviewing the award is "narrowly limited." *Tempo Shain Corp. v. Bertek, Inc*.,

2

120 F.3d 16, 19 (2d Cir. 1997). "'[T]here is no general requirement that arbitrators explain the reasons for their award,' and . . . an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H Blair*, 462 F.3d at 110. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has chosen "the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioner asserts that it is entitled to confirmation of the JTC's arbitration award. Because there is no material issue of fact in dispute to preclude enforcement of the arbitration award, the Court agrees.

In relevant part, the CBA mandates that the JTC "hear and decide . . . all grievances and disputes which arise between the parties." Dkt. 4 Ex. 2 at 23 (CBA Art. XIII, Sec. 3). The CBA also provides that "[t]he awards of the [JTC], including an award of fines or penalties, shall be final and binding upon the complainant and respondent and all interested parties, and judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof." *Id*. at 27 (CBA Art. XIII, Sec. 8).

Here, the parties' dispute stems from Respondent's alleged breach of the CBA due to non-union hiring and failure to register overtime, for which the CBA authorizes monetary penalties as a

remedy. *See id*. at 23 (Article XIII, Section 3). Petitioner submitted evidence of the alleged breach, as well as the fact that it gave Respondent notice of the hearing before the JTC. *See* Dkt. 4, Ex. 3. (Demand for Arbitration). The JTC subsequently rendered an award, which, pursuant to the CBA, is "final and binding upon . . . all interested parties." *Id*. at 27 (CBA Art. XIII, Sec. 8). Petitioner provided notice to Respondent of this award and, several weeks later, made a subsequent demand for payment of the award. See *id*. Ex. 4 (Decision and Award Letter); *id*. Ex. 5 (Award Demand Letter). Respondent has nonetheless failed to pay or appear in this action. In addition, nothing before this Court suggests that the calculated monetary fines—which were calculated pursuant to the "schedule of fines" provided in Article XIII, Section 11 of the CBA—are incorrect. *Id*. at 27 (CBA Art. XIII, Sec. 11).

"[A]n arbitration award should be enforced . . . if there is a 'barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp*., 954 F.2d at 797. In light of the evidence submitted, Petitioner has met its burden of "demonstrating that no material fact remains for trial." *D.H Blair*, 462 F.3d at 110. Accordingly, the Court confirms the award.[1]

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is respectfully directed to enter judgment in the amount of $12,000 and to close this case.

SO ORDERED.

---

[1] In its petition to confirm the arbitral award and supporting papers, Petitioner had not sought attorneys' fees or costs. In the event that Petitioner seeks an order granting attorneys' fees and costs, Petitioner's counsel must submit contemporaneous time records, reflecting the time spent and activities performed in litigating this matter for the Court to review whether the hours expended and proposed billing rates are reasonable. *See First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 896 (2d Cir. 1997) ("[A] court may award attorneys' fees and costs 'when a party refuses to comply with an enforceable arbitration decision without justification.'").

Dated:  June 21, 2021
        New York, New York

_____
RONNIE ABRAMS
United States District Judge